UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ERIC J. L., | ) |
| | ) |
|       **Plaintiff** | ) |
| | ) |
| v. | )   No. 2:21-cv-00016-JAW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security,[1] | ) |
| | ) |
|       **Defendant** | ) |

**REPORT AND RECOMMENDED DECISION**[2]

This Supplemental Security Income (SSI) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing past relevant work as an order clerk. The plaintiff seeks remand on the basis that the ALJ transgressed Social Security Ruling (SSR) 00-4p in failing to resolve an apparent conflict between the testimony of a vocational expert (VE) and the *Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed., rev. 1991) (*DOT*) regarding the overhead reaching requirements of that job. *See* Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 15) at 5-7. I find no error and, accordingly, recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

relevant part, that the plaintiff had the severe impairments of lumbar degenerative disc disease, diabetes mellitus with neuropathy, left knee internal derangement, pancreatitis, asthma/chronic obstructive pulmonary disease, left shoulder tendonitis, and right shoulder mild osteoarthritis, Finding 2, Record at 14-15; that he had the residual functional capacity (RFC) to lift and carry 20 pounds occasionally and 10 pounds frequently, sit for six hours and stand or walk for four hours in an eight-hour day, occasionally push and pull with his left lower extremity, occasionally reach overhead bilaterally, could not climb ladders, rope, or scaffolding, could occasionally kneel, stoop, crouch, crawl, and climb stairs and ramps, could frequently balance, and needed to avoid concentrated exposure to extreme cold, wetness, unprotected heights, dangerous machinery, and fumes, odors, dusts, gases, and poor ventilation, Finding 4, *id*. at 20; that he was capable of performing past relevant work as an order clerk, *DOT* § 249.362-026, as generally and actually performed at the sedentary exertional level, Finding 5, *id*. at 32; that, in the alternative, considering his age (37 years old, defined as a younger individual, on December 21, 2017, the date his SSI application was filed), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, *id*. at 32-33; and that he, therefore, was not disabled from December 21, 2017, the date his SSI application was filed, through March 3, 2020, the date of the decision, Finding 6, *id*. at 33. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be

supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 4 and, in the alternative, Step 5 of the sequential evaluation process.  This appeal turns on the supportability of the ALJ's finding at Step 4, at which stage the claimant bears the burden of proving inability to return to past relevant work.  20 C.F.R. § 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work.  20 C.F.R. § 416.920(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

## I. Discussion

As the plaintiff notes, *see* Statement of Errors at 5, SSR 00-4p "imposes an affirmative obligation on [ALJs] to (i) inquire whether there is any conflict" between VE testimony and the *DOT*, (ii) "elicit a reasonable explanation for any apparent conflict, and (iii) resolve said conflict, regardless of how it was identified."  *Jessica O. v. Saul*, No. 2:18-cv-00370-GZS, 2020 WL 601381, at *5 (D. Me. Feb. 7, 2020) (rec. dec., *aff'd* Feb. 25, 2020) (citation, internal quotation marks, and emphasis omitted).

At hearing, the ALJ asked the VE whether a person who, in relevant part, could "occasionally reach overhead bilaterally" could perform the plaintiff's past relevant work as an order clerk, *DOT* § 249.362-026.  Record at 62-63.  The VE responded that a person with that hypothetical profile could perform that job, as well as other jobs existing in significant numbers in the national economy.  *See id*. at 63-66.  The ALJ inquired whether the VE's testimony was

consistent with information in the *DOT* and its companion publication, the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (*SCO*), and the VE affirmed that it was. *See id*. at 66-67.

The plaintiff's counsel asked no follow-up questions of the VE, instead expressing concern that the hearing – the second one in the matter – had been scheduled at all. *See id*. at 67; *see also id*. at 44-46. He sought permission to file a post-hearing brief, which was granted. *See id*. at 67. The brief focused on counsel's concern over multiple *de novo* hearings, raising no issue concerning the testimony of the VE. *See id*. at 406.[3]

In his decision, the ALJ relied on the testimony of the VE to find that the plaintiff could perform his past relevant work as an order clerk, *DOT* § 249.362-026, both as he actually performed it and as it is generally performed. *See id*. at 32.

The plaintiff contends that, in so finding, the ALJ failed to identify and resolve "an apparent conflict" between the VE's testimony and the *DOT*, which describes the job of order clerk as requiring "frequent" reaching. Statement of Errors at 5-7; *DOT* § 249.362-026. His request for remand on this basis falls short.

As the commissioner observes, *see* Defendant's Opposition to Plaintiff's Itemized Statement of Specific Errors ("Opposition") (ECF No. 17) at 3-7, the plaintiff fails to meet his Step 4 burden to show that he was unable to perform his past relevant work as he actually performed it, *see, e.g., Freeman v. Barnhart*, 274 F.3d 606, 608 (1st Cir. 2001) ("The applicant has the burden of production and proof at the first four steps of the [sequential evaluation] process.").

---

[3] Even absent an ALJ's express permission, a Social Security claimant "has the right to review and respond to the VE evidence prior to the issuance of a decision." SSR 96-9p, 1996 WL 374185, at *9 n.8 (July 2, 1996).

At oral argument, the plaintiff's counsel disputed that proposition, citing excerpts from function reports and work history reports at pages 260, 326, 337, and 373 of the record. In the first work history report, the plaintiff indicated that he reached for eight hours a day in the order clerk job, *see* Record at 260; in the second, he indicated that he did not reach at all in performing that job, *see id*. at 326. In the cited function reports, the plaintiff checked a box indicating that his impairments affected his ability to reach*, see id*. at 337, 373, stating in the second of those two reports that he could "[r]each nothing high[,]" *id*. at 373.

The plaintiff's counsel contended that, in view of (i) the purported conflict between the *DOT* description of the order clerk job and the assessed limitation against overhead reaching, and (ii) the lack of any VE testimony concerning whether the plaintiff could perform the job of order clerk as he actually performed it, the ALJ should have addressed and resolved the question of whether he could perform the order clerk job as actually performed.

However, it was incumbent on the plaintiff, who bore the burdens of production and proof at Step 4, to supply the predicate for a finding in his favor. He did not do so, providing two sharply contrasting reports of the quantity of time he was required to reach in that job and no elaboration as to whether the required reaching, if any, was overhead. *See id*. at 260, 326. He then failed to call the issue to the ALJ's attention. In the circumstances, remand is unwarranted. *See, e.g., Santiago v. Sec'y of Health & Human Servs*., 944 F.2d 1, 6-7 (1st Cir. 1991) (claimant failed to meet her Step 4 burden when she "never identified the ways in which she believed her disabilities precluded her former work, nor [wa]s it otherwise apparent from the record how or why this was so").

This, in turn, moots the need to consider whether, in violation of SSR 00-4p, the ALJ failed to resolve an apparent conflict between the VE's testimony and the job as generally performed per

the *DOT*. *See, e.g., Taryn R. M. v. Saul*, No. 2:19-cv-00567-JDL, 2020 WL 6709557, at *7 (D. Me. Nov. 15, 2020) (rec. dec., *aff'd* Mar. 19, 2021) (any error by ALJ in failing, pursuant to SSR 00-4p, to resolve conflict between VE testimony and *DOT* regarding claimant's ability to perform cleaner/housekeeper job harmless when claimant did not challenge alternative findings, including that she retained capacity to perform that job as she actually performed it).[4]  Nonetheless, in the alternative, I find no error in that regard.

This court has held that "because SSR 00-4p pertains only to *apparent* conflicts, a claimant waives a claim of failure to identify and resolve a conflict between [VE] testimony and the DOT unless he or she can show that the conflicts were obvious enough that the ALJ should have picked up on them without any assistance[.]" *Welch v. Astrue*, No. 1:11-cv-384-GZS, 2012 WL 3113148, at *7 (D. Me. July 11, 2012) (rec. dec. *aff'd* July 31, 2012) (citation and internal quotation marks omitted) (emphasis in original).  That is not the case here.

The plaintiff points out that the *DOT* and the *SCO* describe the job of order clerk as requiring frequent reaching.  *See* Statement of Errors at 7; *DOT* § 249.362-026.  Nonetheless, as he acknowledges, "the DOT and SCO do not differentiate between requirements for overhead reaching and requirements for reaching in other directions."  *Id*.  What is more, the *DOT*'s description of the job of order clerk does not make clear that there might be a need for more than occasional reaching overhead.  The job is classified as sedentary, defined as "sitting most of the time" although it "may involve walking or standing for brief periods of time[,]" and entails deskwork performed by mail, telephone, or manually using a computer or calculator, *e.g.*:

> Processes orders for material or merchandise received by mail, telephone, or personally from customer or company employee, manually or using computer or calculating machine: Edits orders received for price and nomenclature. Informs

---

[4] The *DOT* addresses the "maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings."  SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000).

customer of unit prices, shipping date, anticipated delays, and any additional information needed by customer, using mail or telephone. Writes or types order form, or enters data into computer, to determine total cost for customer. Records or files copy of orders received according to expected delivery date.

*DOT* § 249.362-026.

Because the purported conflict between the plaintiff's overhead-reaching limitation and the order clerk job as described in the *DOT* was not apparent, the ALJ had no obligation to address it. SSR 00-4p, 2000 WL 1898704, at *4 ("If the VE's . . . evidence *appears to conflict* with the DOT, the adjudicator will obtain a reasonable explanation for the *apparent conflict*.") (emphasis added).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 10th day of November, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge